Bonnie A. Freeman, Esq. (SB 180502)
bfreeman@sennefflaw.com
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA  95402-3729
Telephone:    707-526-4250
Facsimile:    707-526-0347

Attorneys for Defendant County of Sonoma

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. PIMENTEL,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, CITY OF PETALUMA, OFFICER McGOWAN, POLICE SGT. STEPHENSON, DOES 1-25,<br><br>    Defendants. | Case No.  C08-02121 EMC<br><br>**DEFENDANT COUNTY OF SONOMA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now defendant County of Sonoma ("Defendant") respond to the complaint of plaintiff David W. Pimentel ("Plaintiff") and admits, denies, and alleges as follows:

### GENERAL RESPONSE TO COMPLAINT

This answering defendant is a public entity. Under such circumstances, some allegations have been denied based upon a lack of information and belief.  Defendant does not concede, by answering the factual allegations in the Complaint, that the facts contained therein are relevant to the subject matter of this lawsuit and/or are admissible for any purpose in this lawsuit.

### SPECIFIC RESPONSE TO ALLEGATIONS IN COMPLAINT

1. Defendant admits that Plaintiff is alleging causes of action against the defendants he has named and served in the suit as alleged in Paragraph 1.

2. Defendant admits that the complaint consists of four (4) pages as alleged in Paragraph 2.

3. Defendant lacks sufficient information either to admit or deny the allegations contained

in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4. There are no allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant objects to the inclusion of "Doe" defendants pursuant to FRCP Rule 4. Without waiving that objection, defendant lacks sufficient information either to admit or deny the allegations contained in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7. There are no allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8, and alleges that jurisdiction is proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. §1367.

9. Defendant admits that Plaintiff is required to comply with a claims statute before suing this Defendant for alleged state law violations. Defendant denies, generally and specifically, the remaining allegations of Paragraph 9.

10. Defendant denies, generally and specifically, the allegations of Paragraph 10.

11. Defendant denies, generally and specifically, the allegations of Paragraph 11.

12. There are no allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant neither admits nor denies the statements contained in Paragraph 14 regarding the relief Plaintiff is seeking.

15. There are no allegations in Paragraph 15 of the Complaint.

16. Defendant denies, generally and specifically, the allegations of "First Cause of Action–Intentional Tort" which appear on Page 4 of the complaint.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE to the complaint, defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against defendant.

///

1  AS AND FOR A SECOND, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that the action is barred by the applicable statute of limitations under federal and state law including, California Code of Civil Procedure Sections 340, 340.5, 474, and the statute of limitations applicable to a claim of relief under 42 U.S.C. Section 1983, among others.

AS AND FOR A THIRD, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that it is immune from liability pursuant to the provisions of California Government Code §§ 815 through 840.6, inclusive, §§900 through 945.6, inclusive, and §§950 through 951, inclusive; California Penal Code §§ 830 through 851.85, inclusive; and the provisions of Government Code §§ 8655 and 8656, inclusive.

AS AND FOR A FOURTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that plaintiff's constitutional claim against this defendant, a public entity, is contrary to law as there is no respondeat superior liability for constitutional violations, and plaintiff has failed to identify an unconstitutional policy or practice (or ratification of such by policy makers for the County) existed that caused him injury.

AS AND FOR A FIFTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that at all times mentioned in plaintiff's complaint, the actions of defendant through its employees were based upon <u>bona fide</u> law enforcement considerations with a reasonable belief that their actions were lawful, and as such it is immunity from liability.

AS AND FOR A SIXTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that at all times mentioned in plaintiff's complaint, the actions of the defendant through its employees were based upon a good faith and reasonable belief that probable cause existed, and as such liability is barred by Penal Code section 847(a).

AS AND FOR A SEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges, to the extent the

allegations made against this defendant by plaintiff in the complaint attempts to enlarge upon the facts, contentions, or theories set forth in his respective claims heretofore presented to the County of Sonoma, said complaint is in violation of Government Code §900, et. seq., County defendant expressly reserve the right to move to strike any and all such allegations and to object to the admission of any evidence directed to the proof thereof.

AS AND FOR A EIGHTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that the action is barred due to plaintiff's failure to file a sufficient claim as required by California Government Code Sections 910, *et seq.*, and other applicable provisions of law.

AS AND FOR A NINTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges, as a public entity, it cannot be held liable for punitive damages pursuant to Government Code §818.

AS AND FOR A TENTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and for each claim for relief thereof, defendant alleges that at all times and places mentioned in the complaint, plaintiff failed to mitigate damages.

AS AND FOR AN ELEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, defendant alleges that the loss or damage, if any, sustained by plaintiff, were caused by said risks which were accepted and voluntarily assumed by plaintiff when he engaged in said activities.

AS AND FOR A TWELFTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, defendant alleges that should plaintiff recover damages against any defendant, said defendant should be entitled to have the amount reduced or eliminated to the extent that plaintiffs' negligence and/or fault caused the damages herein.

AS AND FOR A THIRTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, defendant reserve the right to include any additional affirmative defenses upon the discovery of facts sufficient to support said defenses.

///

///

WHEREFORE, defendant prays for judgment as follows:

(1) In favor of defendant and against plaintiffs upon each cause of action;

(2) For costs of suit incurred herein, including attorneys' fees incurred in the defense of this litigation; and,

(3) For such other and further relief as this Court may deem proper.

DATED:   May 2, 2008          SENNEFF FREEMAN & BLUESTONE, LLP

By _____
Bonnie A. Freeman
Attorneys for Defendant County of Sonoma

### DEMAND FOR TRIAL BY JURY BY DEFENDANT

By way of endorsement hereon, defendant hereby demands a trial by jury in this action.

DATED: May 2, 2008          SENNEFF FREEMAN & BLUESTONE, LLP

By _____
Bonnie A. Freeman
Attorneys for Defendant County of Sonoma

## CERTIFICATE OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404. On May 2, 2008, I served the following document(s):

**DEFENDANT COUNTY OF SONOMA'S ANSWER TO PLAINTIFF'S COMPLAINT DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed is a sealed envelope and served in the manner described below and addressed to:

| **PLAINTIFF IN PRO PER** | **Attorneys for Defendants City of Petaluma, Officer Nick McGowan and Sgt. Jim Stephenson:** |
|---|---|
| David W. Pimentel<br>1192 Liberty Road<br>Petaluma, CA 94952<br>Telephone: (707) 769-0127 | Clifford F. Campbell, Esq.<br>Tricia L. Hynes, Esq.<br>Matthew A. Lavrinets, Esq.<br>MEYERS, NAVE, RIBACK, SILVER & WILSON<br>555 12th Street, Suite 1500<br>Oakland, CA 94607<br>Telephone: (510) 808-2000<br>Facsimile: (510) 444-1108 |

__X__   **BY U.S. MAIL:** I caused such envelope to be deposited in the mail aby placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

____   **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the addressee(s) designated above.

____   **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

____   **BY FACSIMILE:** I caused said document(s) to be transmitted to the facsimile number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the date set forth above at Santa Rosa, California.

_____
Tracy Kecskemeti

Case No. C08-02121 EMC:        **CERTIFICATE OF SERVICE**