Bonnie A. Freeman, Esq. (SB 180502)
bfreeman@sennefflaw.com
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone: 707-526-4250
Facsimile: 707-526-0347

Attorneys for Defendant County of Sonoma

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. PIMENTEL,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, CITY OF PETALUMA, OFFICER McGOWAN, POLICE SGT. STEPHENSON, DOES 1-25,<br><br>    Defendants. | Case No. C08-02121 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP Rule 12(c)]**<br><br>Date: July 2, 2008<br>Time: 10:30 a.m.<br>Ctrm: C, 15th Floor |

Defendant County of Sonoma ("County") respectfully submits this memorandum of points and authorities in support of its motion for judgment on the pleadings.

## FACTUAL BACKGROUND[1]

On December 7, 2006, plaintiff David Pimentel ("Pimentel") was allegedly assaulted and battered by police officers of the Petaluma Police Department. He alleges that the County of Sonoma employees were involved as well, but has only named the County of Sonoma (none of its employees) in his sole cause of action for violating his Fourth and Fourteenth Amendment rights.

Pimentel has not alleged that the County maintained an unconstitutional policy or practice which caused his alleged injuries, nor that there existed such a policy which was ratified by the policy makers

---

[1] The facts are taken from the allegations of the complaint.

NO: C08-02121 EMC:  MPA in Support of Motion for Judgment on the Pleadings    1

for the County. The individual defendants named in the complaint are both employees of the Petaluma Police Department. The factual allegations in the complaint are all found on page four, and are set forth in their entirety as follows:

> "On December 7, 2006, Plaintiff David W. Pimentel, was lawfully on the premises located at 4175 Bodega Avenue, Petaluma, CA. At said time and place, Plaintiff suffered from a medical emergency that prompted friends of plaintiff to call '911' for emergency medical aid. Ambulance attendants and members of the police department for the City of Petaluma and the Sonoma County Sheriff's Department arrived at the scene. At said time and place, Petaluma Police Sgt. Jim Stephenson directed N. McGowan, who was a deputy for the Sonoma County Sheriff's Department, to deploy a Taser onto plaintiff's person. While working in concert with Police Sgt. Stephenson, Officer McGowan then did commit an assault upon the flesh of plaintiff's person with a Taser and/or Stun gun, causing plaintiff to experience the punishment of severe pain and anguish. As Officer McGowan produced great and severe pain on the person of plaintiff, Petaluma Sgt. Stephenson coated plaintiff's face with pepper spray. Plaintiff was caused to experience an assault upon the groin area of his person when his testicles were Tasered and the pain inflicted was unreasonable and a violation of plaintiff's 4th Amendment right to be free from unreasonable seizure by persons acting under the color of law. The intentional acts of Police Sgt. Jim Stephenson and Sonoma County Sheriff Officer N. McGowan were committed while in the course and scope of employment and under the color of the law for The City of Petaluma and the County of Sonoma."

## LEGAL ARGUMENT

**A.   Nature of Motion for Judgment on Pleadings**

FRCP Rule 12(c) provides: "After the pleadings are closed– but early enough not to delay trial– a party may move for judgment on the pleadings." A motion for judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. (*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990) 896 F.2d 1542, 1550.) In ruling on such a motion, the court must assume the truthfulness of the material facts alleged in the complaint; a defendants is only entitled to judgment on the pleadings if the complaint does not raise any issue of fact which, if proved, would support recovery. (*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church* (9th Cir. 1989) 887 F.2d 228, 230.)

**B.   Complaint Fails to set forth Basis for Liability against County as a Matter of Law.**

In *Monell v. Department of Social Services* (1978) 436 U.S. 658, 690, the United States Supreme Court held that a municipality can be sued as a "person" under 42 U.S.C. Section 1983 if "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may

fairly be said to represent official policy, inflicts the injury ...". *Monell, supra*, 436 U.S. at 694. However, a county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*. (*Id.* at 691.) Pimentel's complaint fails to allege that he possessed a constitutional right, of which he was deprived, because of an unconstitutional County policy, or that the unconstitutional municipal policy was a moving force behind the constitutional violation. (*Oviatt v. Pearce* (9th Cir. 1992) 954 F.2d 1470, 1474.) These minimum pleading requirements, which have not been met here, give rise to a request by the County that judgment be entered in its favor, and against Pimentel, on the complaint.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the County of Sonoma's motion be granted in its entirety and that judgment be entered in favor of County of Sonoma, and against Pimentel.

DATED:    May 6, 2008            SENNEFF FREEMAN & BLUESTONE, LLP

By _____
Bonnie A. Freeman
Attorneys for Defendant County of Sonoma