**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. PIMENTEL, | Case No. 08-02121 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 8] |
| COUNTY OF SONOMA, CITY OF PETALUMA, OFFICER McGOWAN, POLICE SGT. STEPHENSON, DOES 1-25, | |
| Defendants. | |

Before the Court is defendant the County of Sonoma's (the "County") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) [Docket No. 8].

On April 24, 2008, defendants filed a notice of removal [Docket No. 1]. On April 29, 2008, defendants City of Petaluma (the "City"), Jim Stephenson ("Stephenson"), and Nick McGowan ("McGowan") filed an Answer [Docket No. 5]. On May 2, 2008, the County filed an Answer [Docket No. 7].

On May 8, 2008, the County filed the present motion for judgment on the pleadings and noticed it for July 2, 2008 [Docket No. 8]. On May 22, 2008, the County renoticed its motion for judgment on the pleadings for July 1, 2008 [Docket No. 18]. On June 3, 2008, the City filed a joinder to the County's motion [Docket No. 21].

Under the Local Rules, "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." Civil L.R. 7-3(a). Under this Court's Standing Orders, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to granting of the motion." No opposition or any form of response has been filed

by plaintiff within the time prescribed by the Local Rules.

In the complaint, plaintiff alleges that the County, the City, McGowan, and Stephenson, acting under the color of law, violated plaintiff's constitutional rights. However, plaintiff's complaint fails to allege all of the elements required for an action under § 1983. To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff alleges that his Fourth Amendment rights were violated and therefore satisfies the first element. However, plaintiff does not allege that the County or City had any policy and therefore fails to meet the other necessary elements for section 1983. Moreover, a governmental entity cannot be held vicariously liable for constitutional violations committed by its employees under the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory").

The County's Motion for Judgment on the Pleadings, in which the City joins, is GRANTED on two separate and independent grounds: 1) the motion is granted as unopposed; and 2) the motion is granted because plaintiff fails to state a cognizable claim against the County and the City pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, when multiple parties are involved in an action, the court may direct entry of a final judgment as to one or more, but fewer than all, parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). Here, neither the County nor the City have provided the Court with any basis for making a finding that there is no just reason for delaying entry of a final judgment pursuant to Rule

1  54(b). Accordingly, any party to the action may file a supplemental brief on the issue of whether there
2  is no just reason for delaying entry of final judgment in favor of the County and the City pursuant to
3  Rule 54(b). Any such brief shall be no longer than 5 pages in length and shall be filed on or before
4  **August 15, 2008**.

5       A Case Management Conference remains scheduled for **September 10, 2008 at 3:00 p.m.**
6  [Docket No. 19]. The parties shall **meet and confer** prior to the conference and shall prepare a joint
7  Case Management Conference Statement which shall be filed no later than ten (10) days prior to the
8  Case Management Conference that complies with the Standing Order For All Judges Of The Northern
9  District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the
10 statement as well as for arranging the conference call. All parties shall be on the line and shall call (510)
11 637-3559 at the above indicated date and time.

12      IT IS SO ORDERED.

13 Dated: 9/2/08                                        _/s/ Saundra B. Armstrong_
                                             SAUNDRA BROWN ARMSTRONG
14                                              United States District Judge