**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. PIMENTEL, | Case No. 08-02121 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 28] |
| COUNTY OF SONOMA, CITY OF PETALUMA, OFFICER McGOWAN, POLICE SGT. STEPHENSON, DOES 1-25, | |
| Defendants. | |

Before the Court is defendant the County of Sonoma's (the "County") Supplemental Brief re: Rule 54(b) Judgment [Docket No. 28]. The Court invited supplemental briefs on the issue of whether there is no just reason for delaying entry of final judgment in favor of the County and the City pursuant to Rule 54(b) in its Amended Order granting the County's Motion for Judgment on the Pleadings of September 2, 2008. [Docket No. 27].

Pursuant to Rule 54, when multiple parties are involved in an action, the court may direct entry of a final judgment as to one or more, but fewer than all, parties only if the court expressly determines that there is no just reason for delay.

The Court finds that the requirements of Rule 54(b) are clearly met. This case involves multiple claims (Section 1983 and *Monell* claims) and parties (the County, the City of Petaluma, individual employees of the City of Petaluma). The Court's decision is a "final judgment" in the sense that it is an ultimate disposition of Pimental's claims against the County. The Court determined that Plaintiff failed to state a cognizable Section 1983 claim against the County. Plaintiff did not establish that the County had a policy that amounted to deliberate indifference to his constitutional rights, a necessary element of a Section 1983 claim. Nor can there be vicarious liability for the County for constitutional violations committed by its employees under the theory of

*respondeat superior*.

The only remaining question is whether there is any just reason for delaying appeal until disposition of Pimental's claims against the remaining defendants. The Supreme Court has interpreted this requirement as balancing considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants). *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).  Factors to be considered include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined[is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. Here, the issue presented is plainly separable because the County of Sonoma has no remaining defendants in this action and the claims that remain are against individual officers for alleged excessive force and not *Monell*-inspired claims.

For the foregoing reasons, IT IS ORDERED that judgment be entered without delay in favor of the County of Sonoma and against Plaintiff David Pimental pursuant to Fed. R. Civ. P. 54(b).

IT IS SO ORDERED.

Dated: 10/7/08

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge