UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID W. PIMENTEL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SONOMA, et al.,<br><br>　　　　　Defendants. | Case No: C 08-2121 SBA<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff failed to appear for a telephonic Case Management Conference set for October 8, 2008. Dkt. 34. On October 14, 2008, the Court issued an Order to Show Cause ("OSC") as to why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Id. The Court set a hearing for November 12, 2008, during which Plaintiff informed the Court that he was unable to appear as a result of an emergency involving his grandmother. Dkt. 36. The Court vacated its OSC. Id. On February 25, 2009, a telephonic Case Management Conference was schedule and Plaintiff again failed to appear. Dkt. 46. The case was continued to April 1, 2009 for an OSC as to why the case should not be dismissed for failure to prosecute. Id. Although the OSC hearing was not held, Plaintiff has made no contact with the Court or otherwise prosecuted this action since he filed his last case management statement on February 18, 2009. Dkt. 44.

　　　　Consequently, on August 17, 2011, the Court issued an OSC why the instant action should not be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. 50. In the OSC, the Court directed Plaintiff to submit a written memorandum within ten (10) days of the date the order to explain why the action should not be dismissed. The Court warned Plaintiff that the failure to comply with the order

would result in dismissal without any further notice. To date, Plaintiff has not responded to the OSC.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The first three factors cited above weigh in favor of dismissal in light of the fact that Plaintiff has not pursued this matter for two and a half years in any fashion whatsoever. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of the Court's prior warning that the failure to comply with its OSC would result in the dismissal of the action. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal). In light of the foregoing,

IT IS HEREBY ORDERED THAT this action is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: September 9, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PIMENTEL et al,

       Plaintiff,

 v.

COUNTY OF SONOMA et al,

       Defendant.

                              Case Number: CV08-02121 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David W. Pimentel
1192 Liberty Road
Petaluma, CA 94952

Dated: September 12, 2011
                              Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk